539 A.2d 496

Harry F. Brennan, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs February 24, 1988, to Judges CRAIG and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Daniel P. Carter, Shaffer, Palma, Dougherty & Carter,* for appellant.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, March 25, 1988:

This is a simple license suspension appeal which has been winding its way through the court system for the past six and one half years. We will affirm the order of the trial court suspending the license of Harry F. Brennan (Appellant) for one year for accumulation of points pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539, and remand for the entry of attorney fees for frivolous appeal under Pa. R.A.P. 2744.

This matter began on September 30, 1981, when Appellant was cited on two separate occasions for running stop signs. But it was not until November 14, 1983, that he pled guilty to the two stop sign violations.[1]

On November 28, 1983, Appellant's driving privileges were reinstated from a previous suspension, but under Section 1545 of the Vehicle Code, 75 Pa. C. S. §1545, he was automatically assessed five points when his license was returned.[2] In February of 1984, the De-

---

[1] Appellant's driving record attached to the original record in the case shows that he failed to respond to either citation and his license was suspended pursuant to Section 1533 until he paid the citations two years later.

[2] Appellant's driving record shows that his license had been under suspension for two offenses committed in 1982: violation of Section 3363, maximum speed limits, in which Appellant had been clocked by radar going 72 miles per hour in a 55 mile per hour zone, and violation of 3112, traffic control signals. Once again, Appellant failed to respond to either citation until his license was suspended in 1983. These two offenses totalled seven points, two of which were removed upon reinstatement.

partment of Transportation (DOT) received notice of the two citations Appellant had pled guilty to in November of 1983, and assigned Appellant six more points. Since Appellant now had eleven points, his license was suspended for one year under Section 1539.[3]

Appellant promptly took an appeal and the matter came to hearing on April 23, 1984. Appellant's sole contention was that since he had not received any citations during the period September 1982 to September 1983, he was entitled to the removal of three points pursuant to Section 1537(a) of the Vehicle Code, 75 Pa. C. S. §1537(a). Appellant cited *Department of Transportation, Bureau of Traffic Safety v. Buono*, 64 Pa. Commonwealth Ct. 118, 439 A.2d 882 (1982) in support of his position. However, the *Buono* case specifically holds that the subsequent conviction date controls for the purpose of assigning and removing points and that the statute "does not permit a motorist to avoid a point-accumulation suspension as a result of delay between violation dates and conviction dates." 64 Pa. Commonwealth Ct. at 119, 439 A.2d at 882. When counsel for DOT pointed this out and added that Appellant could hardly have points removed for the year ending September 1983 when they had not even been assigned against him until February of 1984, Appellant requested permission to submit briefs to which the trial judge agreed.

DOT submitted a one page letter brief correctly citing Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539, for the proposition that points are assigned after the date of conviction. *Shuman v. Commonwealth*, 54 Pa. Commonwealth Ct. 30, 419 A.2d 810 (1980). Appellant's counsel responded by letter dated May 4, 1984,

---

[3] Section 1539 mandates that a license be suspended for one year upon a record of four or more previous suspensions.

that DOT's filing of a letter instead of a brief "precluded a brief being filed in Mr. Brennan's defense." Appellant asserted that since DOT had not provided a version of its facts in a brief he could not respond. Appellant's counsel further complained that the only copy of his client's driving record had been entered into evidence before he had gotten a copy. Appellant's counsel never applied for a copy of the driving record before the hearing and offered no explanation as to why he could not simply go to the Courthouse and look up the original record. Finally, Appellant's counsel enclosed an order for the trial judge to sign sustaining the appeal. The trial judge replied by letter that he would not sign an *ex parte* order and Appellant could apply for rehearing if he wanted. Appellant took no further action.

Unfortunately, the trial judge failed to render a decision for another two and one half years. Finally, on October 27, 1986, the trial judge entered an order stating that as Appellant had failed to submit a brief and the Commonwealth had submitted a letter brief; the appeal is denied on the merits. Appellant appealed and now six and one half years after Appellant ran two stop signs the matter is before us.

Appellant does not even mention the merits of the case in his brief. His sole contention is that by accepting DOT's letter brief, and refusing to consider Appellant's letter, the trial judge denied Appellant a full and meaningful opportunity to present his case in violation of the due process and equal protection clauses of the United States and Commonwealth of Pennsylvania constitutions. Appellant requests a remand for a further hearing on the merits.

We have been unable to fathom Appellant's position. Appellant's letter dated May 4, 1984, is essentially a diatribe against DOT for not filing a brief with all the information Appellant wanted in it. It contains no legal

argument and cites no precedent. It does contain an exhortation that the court should remove the three points contested. All of the information which Appellant complains DOT was denying him is freely available in the original record. If Appellant was denied a meaningful defense it is only because his counsel lacked the imagination to look up the record and the ambition to prepare and submit a proper brief of his own.

The trial court in its Pa. R.A.P. 1925 opinion states quite clearly that its decision was based on the record and not defense counsel's failure to submit his brief. Appellant's due process rights are satisfied by hearing before the court. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979). Submission of briefs is a courtesy afforded by the Court which Appellant's counsel has grossly abused.

We find this appeal frivolous and the conduct of Appellant's counsel not only unprofessional but cavalier. His request for a remand so that he can take another bite of the apple after six and one half years is ridiculous. This is a case for attorney fees, which under Pa. R.A.P. 2744 can be assessed against a "participant" meaning either counsel or Appellant or both. However, since it was the hospitality of the trial court that Appellant and his counsel abused, we will remand this case to that trial court for the imposition of attorney fees.

## ORDER

Now, March 25, 1988, the order of the Court of Common Pleas of Delaware County at No. 84-2838, dated October 27, 1986, is hereby affirmed, and the case is remanded under Pa. R.A.P. 2744 for imposition of attorney fees for frivolous appeal. Jurisdiction relinquished.