543 A.2d 634

Seymour A. Nagelberg, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs May 18, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*William R. Lee*, with him, *Robert J. Borthwick*, for appellant.

*Harold H. Cramer*, Assistant Chief Counsel, with him, *John L. Heaton*, Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, July 6, 1988:

Seymour A. Nagelberg (Appellant) appeals the order of the Court of Common Pleas of Lackawanna County denying his petition for an extension of time for the suspension of his operator privileges due to hardship as provided by Section 1541 of the Vehicle Code, 75 Pa. C. S. §1541. We quash this appeal as untimely and remand for the imposition of attorney fees against the participants for frivolous appeal as requested by the Department of Transportation (DOT).

On April 18, 1986, DOT sent to Appellant a notice of suspension for a one year period for violation of the provisions of Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547. Appellant filed a timely appeal to the trial court. He then requested and received a continuance of the hearing date to October 1, 1986. On October 14, 1986, pursuant to an agreement of counsel reached before the hearing, the trial court entered a final order. dismissing Appellant's appeal provided that the one year suspension did not become effective until January 1, 1987. No appeal was ever taken from this order. DOT then reinstated the suspension against Appellant effective January 2, 1987.

On December 2, 1986, Appellant by letter to DOT requested a further delay in the imposition of his suspension under the hardship provision of Section 1541 due to the illness of his mother. DOT refused, explaining that Appellant had already received one six month extension and it was DOT policy not to grant extensions in alcohol related suspensions. Appellant refused to surrender his license to DOT on January 2, 1987, and on January 27, 1987, filed with the trial court a second petition under the same docket number entitled "petition for appeal from denial of extension on hardship grounds of suspension of operating privileges."

A hearing on this petition took place on May 21, 1987. The trial court denied the petition finding that since Appellant had already received one six month delay, the denial of his second request for delay was not arbitrary and capricious. Appellant's response was to file this appeal to this Court. On June 4, 1987, the trial court granted Appellant a stay of the suspension order pending final decision of this Court.

The upshot of all this is that Appellant is still driving a motor vehicle in this Commonwealth two years after he was issued a suspension that he never factually con-

tested. Appellant has parlayed the argument that DOT erred in refusing to grant him a second six month delay in the imposition of his suspension into a year and one half delay by skillful manipulation of the judicial process. We agree with DOT's contentions that this appeal is not only frivolous and taken solely for the purpose of delay, but that this Court lacks jurisdiction to even entertain it.

The trial court issued the final order in this case on October 14, 1986, dismissing the appeal and making the suspension effective January 1, 1987. Since the trial court dismissed the case and no appeal was taken, any further proceedings under this docket number are a nullity. Appellant cannot resurrect a case that ended in dismissal in October by filing a second petition for additional relief four months later in January. Withdrawal or dismissal of an appeal effects a final determination of the matter, and this appeal taken over a year after such a final determination must be quashed. *Rinck v. Commonwealth,* 59 Pa. Commonwealth Ct. 328, 429 A.2d 1255 (1981).

We also conclude that this appeal is frivolous and remand for the imposition of attorney fees that DOT seeks against the participants. *Brennan v. Department of Transportation,* 114 Pa. Commonwealth Ct. 616, 539 A.2d 496 (1988). Appellant requested his second six month extension by letter of December 2, 1986. The hearing on the petition he subsequently filed was not held until May 21, 1987. Since Appellant never surrendered his license, he had already received the six month delay sought by the time of the trial court hearing and in fact was still in possession of his operating privileges more than a year after DOT originally issued the notice of suspension on April 18, 1986. The taking of an appeal to the Commonwealth Court after the trial court denied this second petition, coupled with an application for su-

persedeas which the trial court granted, represents a blatant attempt to use the judicial system solely for the purpose of delay. Appellant's appeal is quashed and the case remanded for imposition of attorney fees.

## ORDER

Now, July 6, 1988, the appeal of Seymour A. Nagelberg is quashed and the case remanded under Pa. R.A.P. 2744 for imposition of attorney fees for frivolous appeal. Jurisdiction relinquished.