624 A.2d 696

**Mark A. SAVINI, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1993.

Decided April 8, 1993.

654

John A. DiGiamberardino, for appellant.

Marc A. Werlinsky, Asst. Counsel, for appellee.

Before JOSEPH T. DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Mark A. Savini (licensee) appeals from an order of the Court of Common Pleas of Berks County (trial court) which dismissed his appeal from a suspension of his operating privilege for refusal to submit to chemical testing for alcohol content. The suspension was imposed pursuant to Section 1547(b)(1) of the Vehicle Code.[1] We affirm.

1. 75 Pa.C.S. § 1547(b)(1), which provides for the suspension of a driver's operating privilege for a period of one year if he is placed under arrest for driving under the influence and refuses a request to submit to chemical testing.

On July 5, 1991, Officer R. Brian Horner of the Maidencreek–Ontelaunee Joint Police Department clocked the vehicle operated by the licensee as travelling at a speed of 66.7 miles per hour in a 55 mile per hour speed zone. The officer activated his vehicle's emergency lights and siren and stopped the licensee's vehicle. The officer then recognized the licensee as the same individual whom he had encountered a few hours earlier in a fireworks shooting incident, at which time he had appeared intoxicated and had an alcoholic beverage in his hand. The officer smelled alcohol on the licensee's breath. When the licensee failed the field sobriety tests, the officer placed him under arrest and asked him to submit to a blood test. The licensee failed to respond to this request during a ten minute interval after which he fled the scene. He returned to his vehicle five minutes later and surrendered to the officer. A refusal was then recorded. DOT notified the licensee of the suspension of his operating privilege on October 16, 1991. The licensee appealed the suspension.

During an evidentiary hearing held before the trial court, the licensee's counsel, characterizing his argument as a "technical" one, argued that, pursuant to Section 1550(c) of the Vehicle Code, the Department of Transportation (DOT) bore the burden of proving that the licensee was the person whose license was subject to suspension. The licensee renews his argument before this Court, asserting that DOT failed to meet this burden of proof because it did not offer certified copies of the notice of suspension or DOT records showing the fact of the suspension.

■ Section 1550(c) of the Vehicle Code provides that, upon appeal from the order of the trial court by a person whose operating privilege has been suspended,

> [t]he court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the ... suspension....

75 Pa.C.S. § 1550(c). The licensee's argument is contrary to the plain meaning of Section 1550(c) which on its face requires that, in the course of judicial review on appeal of a suspension,

the *lower court* must make a determination as to the identity of the motorist.[2]

The trial court here made the requisite determination as revealed in its opinion, which relevant excerpt follows:

Based upon a preponderance of the evidence presented, this court determined that Mr. Savini is the person whose license is subject to suspension. At the time of the incident, Officer Horner gathered license information which, in turn, was supplied to the Department of Transportation. The Department acted upon this information and sent notice to Mr. Savini of the refusal suspension. In his Petition, Mr. Savini acknowledged receipt of the notice and asserted that he had, on the date in question, consented to chemical testing. At hearing, Officer Horner recognized Mr. Savini as the individual who had refused testing. Mr. Savini never denied and, in fact, acknowledged that he was that person.

*Dep't of Transp. v. Savini,* (No. 6311/91, Court of Common Pleas of Berks County, filed August 17, 1992), slip op. at 6. Moreover, the licensee admitted, both in his pleadings and in his testimony before the trial court, that he was the person involved in the incident resulting in the suspension and that he had received notice of the suspension. Further, at no time did he deny that he was the person whose operating privilege was subject to suspension or otherwise assert an affirmative defense of mistaken identity.

The Department requests an award of counsel fees and other costs pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure[3]. We conclude that DOT is

---

**2.** In *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa.Commonwealth Ct. 214, 408 A.2d 173 (1979), this Court interpreted Section 1550(c) and held that in an appeal of a suspension imposed pursuant to Section 1547 of the Vehicle Code the lower court is not limited to a determination of the identity of the licensee, but must also hear evidence on and reach the merits of the suspension.

**3.** Rule 2744 allows this Court to award reasonable counsel fees and delay damages if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious and to remand to the trial court to determine the amount of damages so authorized. Pa.R.A.P. 2744.

entitled to the award.[4] The record shows the requisite determination by the trial court, as mandated by the plain language of Section 1550(c), and thereby exposes the hollowness of the licensee's "technical" issue. Further, the licensee's brief is devoid of reference to caselaw which is relevant to the issue raised and supportive of the licensee's argument.

Accordingly, we affirm the order suspending the licensee's operating privilege, grant the request that counsel fees and costs be imposed, and remand this case to the trial court for the limited purpose of determining the amount to be paid.

## ORDER

AND NOW, this the 8th day of April, 1993, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby affirmed. The request for the imposition of counsel fees and other costs against Mark A. Savini and his counsel, for which they shall be jointly and severally liable, is granted. This matter is remanded to the Court of Common Pleas of Berks County in accordance with Pa.R.A.P. 2744 for the calculation of such fees and costs to be paid to the Department of Transportation and for entry of an appropriate order.

Jurisdiction relinquished.

---

4. The licensee and his counsel shall be jointly and severally liable to the Department for the award. *Pfeiffer v. Dep't of Transp., Bureau of Driver Licensing,* 114 Pa.Commonwealth Ct. 390, 539 A.2d 4, *modified,* Pa.Commonwealth Ct., 549 A.2d 626 (1988).