Harry B. WATKINS, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1996.

Decided Feb. 24, 1997.

---

Patricia Cunningham, Philadelphia, for petitioner.

Linda S. Lloyd, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before FRIEDMAN and KELLEY, JJ., and SILVESTRI, Senior Judge.

## OPINION

KELLEY, Judge.

Harry B. Watkins (claimant) appeals from an order of the Unemployment Compensation Board of Review denying him benefits pursuant to section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

Claimant applied for unemployment compensation benefits with the Germantown Job Center (Job Center) following termination of his employment with Germantown Hospital and Medical Center (employer). The Job Center, upon determining that claimant's conduct at the time of his discharge from his employment rose to the level of willful misconduct because his actions were inappropriate and considered insubordinate, denied benefits pursuant to section 402(e) of the Law.

Claimant appealed the determination of the Job Center and a hearing before a referee ensued on February 8, 1996. Claimant and employer's representatives were present and testified before the referee. Claimant was not represented by counsel at the hearing before the referee. By decision dated January 23, 1996, the referee affirmed the determination of the Job Center and claimant appealed to the board.

By letter dated March 19, 1996, counsel for claimant requested a hearing date regarding claimant's appeal from the referee's decision. Claimant's counsel advised the board that testimony was not heard regarding employer's failure to adhere to their own guidelines as outlined in employer's publication entitled "Working Together at The Germantown Hospital and Medical Center." In response, the board informed claimant, through his counsel, that his request for a remand hearing would be reviewed by the board and that such a hearing would be granted only when and if the board determined that it was needed to enable the board to render an appropriate decision.

In affirming the referee's decision, the board made the following findings of fact:

1. Claimant was last employed as a security officer by [employer] from February 12, 1994 at a final rate of $10.40 per hour and his last day of work was December 23, 1995.

2. On December 23, 1995, the Claimant was to be counselled by employer regarding various issues.

3. Employer began to speak with claimant relative to these various issues; specifically, claimant was asked why he was wearing a badge.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) states that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

4. Claimant got up and began to walk out of the room before employer was through speaking with him.

5. Employer then asked the claimant to sit down because he wasn't finished. Claimant refused and walked out of the room. Employer further warned claimant he'd be suspended if he did not come back into the office.

6. Claimant refused and told employer he wasn't going to suspend anybody.

7. Employer made a phone call to security when claimant came into his office, stood face to face with employer and accused employer of "screwing around" with his wife.

8. An argument ensued whereby employer told claimant he was paranoid, pushed by him and went into another office. Employer called the police in order to have claimant arrested.

9. Claimant was suspended with the possibility of discharge.

10. Claimant was discharged effective December 27, 1995, due to insubordination.

Based on the findings, the board concluded that: (1) employer established willful misconduct in connection with claimant's work; (2) claimant acted in an insubordinate nature on December 23, 1995; and (3) claimant did not establish good cause for his actions. In addition, the board concluded that: (1) the parties had the opportunity for a full and fair hearing; (2) the record was sufficiently complete to enable the board to reach its decision; and (3) the claimant had not advanced good cause for the granting of a remand hearing. Accordingly, the board affirmed the referee's decision denying benefits to claimant and denied claimant's request for a remand hearing. This appeal followed.

 In unemployment compensation cases, our scope of review is to determine whether constitutional rights were violated,

an error of law was committed, or necessary findings of fact are not supported by substantial evidence. *Kirkwood v. Com., Unemployment Compensation Board of Review,* 106 Pa.Cmwlth. 92, 525 A.2d 841 (1987). Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Hercules, Inc. v. Unemployment Compensation Board of Review,* 146 Pa.Cmwlth. 77, 604 A.2d 1159 (1992).

 On appeal herein, claimant presents the following issue for our review: Whether the board abused its discretion in affirming the decision of the referee below which denied benefits to claimant where the referee failed to afford the claimant an opportunity to present testimony regarding his former employer's deviation from their own established guidelines despite the claimant's written request for a hearing date.

A review of the argument portion of claimant's brief reveals that there is no correlation between the question presented and claimant's argument on appeal.[2] The argument portion of claimant's brief is based on the premise that claimant was not afforded any hearing before a referee; therefore, the entire argument focuses on a claimant's due process right to be heard. As stated previously in this opinion, a hearing before the referee was held on February 8, 1996 at which time claimant appeared and testified. *See* Original Record, Transcript of Hearing held February 8, 1996.

The argument portion of claimant's brief fails to address the issue of how the board abused its discretion by failing to grant claimant a remand hearing to present evidence regarding employer's alleged deviation from its established guidelines.[3] Moreover, when claimant's failure to address the issue raised in his statement of questions presented was called to claimant's attention by the board's brief, claimant still failed to set forth, in his reply brief, specific reasons why he

---

2. Pennsylvania Rule of Appellate Procedure 2119 requires that each issue set forth in the statement of questions involved must be separately addressed in the argument portion of an appellant's brief. Pa.R.A.P. 2119.

3. It is well settled that the decision to grant a remand for additional testimony is strictly within the discretion of the board. *See* Section 504 of the Law, 43 P.S. § 824; *Mariano v. Unemployment Compensation Board of Review,* 61 Pa. Cmwlth. 38, 432 A.2d 650 (1981).

was not afforded a full and fair hearing on February 8, 1996, or to set forth why the board should have granted him a remand hearing.

Accordingly, because claimant has not properly presented an argument in the argument portion of his brief in support of the issue raised in his statement of questions presented, claimant has waived this issue. *See Di Vito v. City of Philadelphia*, 144 Pa.Cmwlth. 132, 601 A.2d 397, 399 n. 6 (1991), *petition for allowance of appeal denied*, 533 Pa. 613, 618 A.2d 403 (1992) (issues raised in statement of questions involved but not addressed in the argument portion of the brief were deemed waived pursuant to Pa. R.A.P. 2119). Accordingly, the order of the board is affirmed.

■ The board contends in its brief that it is entitled to an award of reasonable counsel fees pursuant to Pa.R.A.P. 2744.[4] The board argues that claimant's brief and petition for review are deficient in so many respects that the appeal must be deemed frivolous and the board awarded attorneys' fees. The board has submitted, as appendix B to its brief, a bill of costs setting forth counsel fees in the amount of $925.00.

In response, claimant argues in his reply brief that he has set forth an adequate legal basis for his appeal. Claimant contends that there is no evidence to suggest that the appeal was taken solely for delay or that the claimant's conduct in pursuing the appeal was dilatory, obdurate or vexatious. Claimant argues that an award of attorneys' fees in this case would unjustly penalize claimant for exercising his right to exhaust fully his legal remedies.

■ Rule 2744 permits this court to award as further costs damages as may be just, including a reasonable counsel fee, if it determines that an appeal is frivolous. Pa.R.A.P. 2744. A frivolous appeal as would support

an award of counsel fees and other costs pursuant to Rule 2744 is one easily recognizable as devoid of merit in that there is little prospect of success. *Department of Transportation, Bureau of Driver Licensing v. Grubb*, 152 Pa.Cmwlth. 178, 618 A.2d 1152 (1992).

■ An award of counsel fees by this court on the ground that an appeal is frivolous is discretionary. *Department of Commerce v. Casey*, 154 Pa.Cmwlth. 505, 624 A.2d 247 (1993). Further, there exists a duty on the part of counsel not to pursue baseless claims or frivolous issues. *Commonwealth v. DeHart*, 539 Pa. 5, 650 A.2d 38 (1994). An argument presented to an appellate court is presumed by the court to be advocated by counsel and in counsel's judgment to possess merit. *Smith v. Pennsylvania Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990).

In the present case, we will exercise our discretion and award the board attorneys' fees. The brief filed on behalf of claimant reflects a cavalier and unprofessional attitude by claimant's counsel. While the procedural history correctly reflects that claimant appeared at the February 8, 1996 hearing, the statement of the facts, the summary of the argument and the argument portions of claimant's brief reveal that counsel did not even conduct a cursory review of the brief before it was filed with this court. These portions of claimant's brief recite erroneous facts and reveal that these portions of the brief clearly apply to an entirely different appeal than that which is before this court. Moreover, claimant's reply brief does not even attempt to explain the deficiencies in claimant's principal brief choosing instead to generally state that claimant's brief asserts that his constitutionally protected due process rights were violated when the board issued its decision and order without afford-

---

4. We note that Pa.R.A.P. 2751 establishes a procedure for requesting reimbursement for costs recognized in Pa.R.A.P. 2744 after a final decision is entered. However, the board has chosen to request further costs pursuant to rule 2744 in its appellate brief. This court has previously treated a request for counsel fees based on frivolity, as if it were an application when made as part of the requesting party's appellate brief on

the merits. Accordingly, we will dispose of the board's request as part of the disposition of the merits of this case. *See Savini v. Com., Department of Transportation, Bureau of Driver Licensing*, 154 Pa.Cmwlth. 653, 624 A.2d 696 (1993); *Swoyer v. Department of Transportation*, 142 Pa. Cmwlth. 1, 599 A.2d 710 (1990), *petition for allowance appeal denied*, 527 Pa. 659, 593 A.2d 428 a.2d 428 (1991).

ing him an opportunity to present additional evidence.

This court has awarded reasonable counsel fees in the past based on the casual nature of a brief and an attorney's cavalier and unprofessional attitude. *See Coraluzzi v. Commonwealth,* 105 Pa.Cmwlth. 305, 524 A.2d 540 (1987); *Brennan v. Department of Transportation,* 114 Pa.Cmwlth. 616, 539 A.2d 496 (1988). We see no reason not to once again award a reasonable counsel fee for the same reasons in the present case.

Accordingly, the board's request for a determination of the amount of reasonable counsel fees pursuant to Pa.R.A.P. 2744 is granted. The board is awarded attorneys' fees in the amount of $925.00 as set forth in the bill of costs appended to the board's brief as Appendix B.

### ORDER

NOW, this 24th day of February, 1997, the order of the Unemployment Compensation Board of Review, dated April 8, 1996, at No. B–347849, is affirmed, and the board's request for an award of reasonable attorneys' fees pursuant to Pa.R.A.P. 2744 is granted. It is further ordered that the board is awarded attorneys' fees in the amount of $925.00 as set forth in the bill of costs appended to the board's brief as Appendix B and that judgment is entered against Harry B. Watkins and his counsel, Patricia Cunningham, Esquire, jointly and severally, in the amount of $925.00.