**Mark A. SEBEK, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1998.
Decided July 10, 1998.

Paul D. Boas, Pittsburgh, for appellant.

Bryan S. Neiderhiser, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Mark A. Sebek appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) which denied his appeal from the one-year suspension of his operating privileges imposed by the Department of Transportation (Department) for failure to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547(b)(1). We affirm.

By official notice dated July 10, 1997, the Department informed Sebek that, as a result of his refusal to submit to chemical testing on April 27, 1997, his operating privileges were suspended for one year. Sebek filed a statutory appeal from that one-year suspension with the trial court.

At a *de novo* hearing before the trial court, the Department presented the testimony of Officer Michael John Lewis. Officer Lewis testified that on April 27, 1997, he was monitoring traffic in the Borough of Rankin. Officer Lewis observed a vehicle which passed a tractor-trailer and proceeded through a stop sign. He pulled behind the vehicle and activated his emergency lights and siren. The vehicle attempted to pull over but hit the curb three times before stopping. Officer Lewis identified Sebek as the driver of the vehicle. Officer Lewis approached the driver and smelled a strong odor of alcohol. Officer Lewis asked the driver if he had been drinking and the driver admitted that he had. Officer Lewis attempted to administer field sobriety tests but determined that the driver was unable to perform them because the driver was unable to stand. Officer Lewis then placed the driver under arrest.

Officer Lewis transported the driver to the Braddock branch of the University of Pittsburgh Medical Center for the purpose of having a blood test performed. At the hospital, Officer Lewis read to the driver the implied consent warning from the Department's DL–26 form. The driver responded that he did not want to sign anything.[1] Officer Lewis informed the driver that his response would be recorded as a refusal.

■ At the conclusion of Officer Lewis' testimony, the attorney for Sebek made a motion to dismiss on the basis that Officer Lewis did not make an in-court identification of Sebek as the driver of the vehicle. The trial court denied the motion. The trial court subsequently issued an opinion and order denying Sebek's appeal. The trial court found, based on the credible and convincing testimony of Officer Lewis, that Sebek had been adequately warned of the consequences of refusing to submit to the blood test. The trial court also found to be without merit, Sebek's argument that the Department did not meet its burden of proving that he was the same person who was driving the vehicle on the day of the arrest. Sebek now appeals to this Court.[2]

---

1. Officer Lewis, however, did not testify that he requested the driver to sign a form. The officer testified only that he read to the driver the implied consent warnings and requested that he submit to a chemical test.

2. Our scope of review of a driver's license suspension is limited to a determination of whether the trial court committed an error of law or an abuse of discretion, or whether the trial court's findings of fact are supported by substantial evi-

■ In order to support a license suspension based upon a licensee's refusal to submit to chemical testing, the Department must establish that the licensee (1) was arrested for driving under the influence of alcohol; (2) was requested to submit to a chemical test of breath, blood or urine; (3) refused to submit to the requested chemical test; and (4) was informed that a refusal would result in a license suspension. *Marinaro v. Department of Transportation, Bureau of Driver Licensing*, 703 A.2d 1066 (Pa. Cmwlth.1997). Driver's license suspension proceedings are civil, not criminal in nature, and the Department must prove the elements of its case by a preponderance of the evidence, and not beyond a reasonable doubt. *Yi v. Department of Transportation, Bureau of Driver Licensing*, 166 Pa.Cmwlth. 214, 646 A.2d 603 (1994).

Sebek raises a single issue on this appeal: whether the Department failed to meet its burden of proving that he was the person who refused to submit to chemical testing. Sebek argues, in this regard, that Officer Lewis failed to identify him in court as the person who was stopped on April 27, 1997 and who refused to submit to the chemical test. The Department contends that the evidence produced at the hearing was sufficient to establish that Sebek was the individual who was arrested for driving under the influence of alcohol and who refused to submit to chemical testing.

In *Commonwealth v. Kelly*, 300 Pa.Super. 451, 446 A.2d 941 (1982), the appellant argued that the Commonwealth failed to prove that he was the Earl T. Kelly named in the information. Our Superior Court rejected this argument, stating that identity of name is prima facie evidence of identity of person, and that, in the absence of a denial, this presumption is sufficient to submit the issue of defendant's identity to the jury. *Id.* The Superior Court then reviewed the testimony of a police detective as to his dealings with "Mr. Kelly" and held that there was more than sufficient evidence to establish the identity of the appellant as the Earl T. Kelly named in the information.

In the case before us, Officer Lewis testified that Sebek was the driver of the vehicle that he pulled over on April 27, 1997; that Sebek provided his driver's license, registration card and proof of insurance; and, that he filled out the Department's DL–26 form at the hospital. The DL–26 form lists Sebek's name, address, date of birth and driver number. The Department's form notifying Sebek of the suspension of his operating privileges contains the same identifying information. In Sebek's petition for appeal filed with the trial court, the address and operator's license number listed are the same as those contained in the DL–26. The testimony of Officer Lewis and the documents of record identify Sebek as the licensee whose operating privileges were subject to suspension.

■ Sebek offered no testimony before the trial court which would establish that someone other than Sebek had access to his driver's license. He has not refuted the presumption that the motorist in possession of Sebek's driver's license was, in fact, Sebek. Thus, the trial court could conclude that the Department had met its burden to establish that Sebek was driving on the day of the arrest. *See Savini v. Department of Transportation, Bureau of Driver Licensing*, 154 Pa.Cmwlth. 653, 624 A.2d 696 (1993) (trial court did not err in concluding that the licensee was the person whose license was subject to suspension where, *inter alia*, the licensee never denied that he was the person whose operating privilege was subject to suspension or did not otherwise assert an affirmative defense of mistaken identity).

The order of the trial court is affirmed.

### ORDER

AND NOW, this 10th day of July, 1998, the order of the Court of Common Pleas of

dence. *Hoffman v. Department of Transportation, Bureau of Driver Licensing*, 687 A.2d 395 (Pa.Cmwlth.1996).

Westmoreland County in the above-captioned matter is hereby affirmed.