IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. C.,                                          :
                        Petitioner              :
                                                :   **CASE SEALED**
           v.                                   :   No. 1150 C.D. 2017
                                                :   Submitted: February 16, 2018
Department of Human Services,                   :
                        Respondent              :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: May 15, 2018

          J. C. (Parent), *pro se*, petitions for review of an adjudication of the
Department of Human Services, Bureau of Hearings and Appeals (Department)[1]
adopting the recommended report of an Administrative Law Judge (ALJ). The ALJ
recommended that Parent's request for an extension of the monthly adoption
assistance she receives for her son (Child) be denied. Parent contends that she is
entitled to adoption assistance benefits until Child turns 21 years of age, which she
needs to meet Child's college expenses. We affirm.

          Adoption assistance benefits are provided under the federal Adoption
Assistance and Child Welfare Act of 1980[2] for "children with special needs [and]
kinship guardianship assistance," where the state enacts implementing legislation.

_____

[1] The Department did not file a brief in this matter.

[2] 42 U.S.C. §§670-679c.

42 U.S.C. §§670, 671. Pennsylvania did so with the statute commonly known as the Adoption Opportunities Act (Adoption Act);[3] its stated intention is to

> encourage and promote the placement in adoptive homes of children who are physically and/or mentally handicapped, emotionally disturbed, or hard to place by virtue of age, sibling relationship, or ethnicity.

Section 771 of the Adoption Act, 62 P.S. §771.

Adoption assistance benefits authorized by the Adoption Act are administered by the children and youth services office (CYS) of the county in which the adopting parents reside. 55 Pa. Code §3140.203(a). If the adopting parents qualify for assistance, they execute an adoption assistance agreement at the time of the final adoption decree. The adoption assistance benefits continue until one of the following occurs:

(1)　The child reaches 18 years of age.

(2)　The adoptive parents are no longer providing for the financial support of the child.

(3)　The parents are determined by court action to no longer be legally responsible for the child.

(4)　The adoptive parents request termination of adoption assistance.

55 Pa. Code §3140.204(e).

Child was born on August 7, 1998, and he was adopted six years later. At the time of his adoption, Parent did not execute an adoption assistance agreement. Parent appealed the lack of adoption assistance, and on July 1, 2010, Parent and CYS

---

[3] Act of June 13, 1967, P.L. 31, *as amended*, added by Section 1 of the Act of December 30, 1974, P.L. 1039, 62 P.S. §§771-774.

executed a settlement agreement that called for a one-time payment of $23,400 and a monthly payment of $300 until Child reached his 18th birthday. The agreement expressly identified the circumstances that would cause termination of the adoption assistance:

> (1)     [Child] reaches the age of 18.
>
> (2)     [Parent] is no longer legally responsible for the support of [Child].
>
> (3)     [Child] is no longer receiving support from [Parent].
>
> (4)     [Parent] requests termination of the assistance.

Certified Record (C.R.) Item No. 7 at 2.

Thereafter, in 2015, Parent requested CYS to extend the duration of the adoption assistance benefits. When the request was denied, Parent appealed. The Department dismissed Parent's appeal because Child's benefits had not yet been terminated. Parent then requested reconsideration, which the Secretary of Human Services granted. By this point, CYS had sent Parent a letter notifying her of termination of the adoption assistance benefits upon Child's 18th birthday. The ALJ conducted a hearing on June 5, 2017.

At the hearing, Susan Hyatt testified for CYS. She explained that at the time of Child's adoption, he was almost six years old. Six years later, on July 1, 2010, CYS and Parent signed an adoption assistance agreement that provided for a termination of assistance upon Child's 18th birthday. Hyatt explained that an extension of assistance to the adopted child's 21st birthday is available where the child is at least 13 years old at the time the adoption assistance agreement is executed. Because Child was 11 years of age when the settlement agreement

3

providing for adoption assistance was signed, Parent was not eligible for an extension.

Parent also testified before the ALJ. She explained that she requested the extension because of her poor health and concern for Child's ability to continue his college education.

> I had a heart attack in 2015 which gave me concern with [Child] that he needed to find extra help to support him into going into college. He's very gifted. At the time of the subsidy agreement just to 18, I realize [CYS is] responsible for the children until they're 21 --- and the need to support and have [Child] in college until age 21. And I'd appreciate it if that could be continued so I can help this child go on to be accepted at college. And he is very gifted. And this would really help out --- maybe it's not much, but it will help out. That's it, Your Honor. Thank you very much.

Notes of Testimony (N.T.), 6/5/2017, at 25-26; C.R. Item No. 12 at 25-26. On cross-examination, Parent acknowledged that she signed the settlement agreement in 2010, which provided for adoption assistance payments that would terminate on Child's 18th birthday. It did not provide that the assistance could be extended to Child's 21st birthday should Parent develop health problems.

The ALJ concluded that Parent's appeal should be denied. In support, the ALJ made the following findings of fact relevant to this appeal:

1. [Child's] date of birth is August 7, 1998.

2. On January 9, 2004, [Parent] adopted [Child].

3. On June 30, 2010, the adoption agreement was amended to include an adoption subsidy for [Child].

4. The adoption assistance agreement specifically stated that the adoption assistance paid to [Parent] would end on [Child's] 18th birthday.

4

11.  [Child] was aged 5 years and 5 months when [Parent] adopted him in 2004.

12.  [Child] was aged 11 years and 6 months when the adoption assistance agreement was amended in 2010.

Proposed Adjudication, 7/25/2017, at 2-4; C.R. Item No. 9 at 3, 5. The ALJ concluded that under the Adoption Act, the Department's regulation and the adoption assistance agreement, CYS was required to terminate adoption assistance benefits upon Child reaching age 18. The ALJ acknowledged that the Adoption Act provides exemptions from this rule, but it applies

> only in cases where the subject child was at least thirteen (13) years of age at the time of the adoption assistance agreement. In this case, [Child] was approximately [5½] years old at the time of the original adoption. [Child] was approximately [11½] years old on June 30, 2010 when the adoption assistance agreement was amended. As such, [Child] does not meet the criteria to even be assessed to see if he meets an exception.

Proposed Adjudication, 7/25/2017, at 12; C.R. Item No. 9 at 13. The ALJ concluded that Parent was bound by the terms of the agreement.

On July 31, 2017, the Department's Chief Administrative Law Judge adopted the ALJ's recommended adjudication. Parent petitioned for this Court's review.

On appeal,[4] Parent raises two issues. First, she contends that the Department erred because it did not consider that Child was going to college and

---

[4] This Court's review "is to determine whether the Department's adjudication is supported by substantial evidence, is in accordance with the law or whether constitutional rights were violated." *Myers v. Department of Human Services*, 141 A.3d 608, 611 n.9 (Pa. Cmwlth. 2016).

that Parent had medical issues. Second, she contends that the Adoption Act requires the Department to provide adoption assistance until Child reaches age 21.

Parent's brief, however, does not develop either issue.[5] Rather, the entirety of Parent's argument follows:

> My main point in this, these children, that they were in custody of, Children and Youth from the beginning. I started fighting for these children back in 2002! Children and Youth raised the goal to adoption. The age was not in consideration then!

Parent Brief at 25. Neither statute nor regulation is cited to support this argument. Simply, Parent's argument section of her brief is unclear.

This Court has explained that where "a party fails to develop an issue in the argument section of its brief, the Court may consider the issue to have been waived." *Hill v. Kilgallen*, 108 A.3d 934, 943 n.8 (Pa. Cmwlth. 2015). *See also Watkins v. Unemployment Compensation Board of Review*, 689 A.2d 1019, 1022 (Pa. Cmwlth. 1997) (where argument portion of brief does not develop the issue raised in the statement of questions presented, "claimant has waived this issue."). That Parent is not represented by counsel does not change the outcome. This Court has held on numerous occasions that a party who proceeds *pro se* assumes the risk that a lack of legal expertise will prove her undoing. *Appeal of Ciaffoni*, 556 A.2d 504, 506 (Pa. Cmwlth. 1989).[6] Parent has identified two issues in her brief, but she did not develop them in the argument section thereof. They are waived.

---

[5] Each issue set forth in the statement of questions involved must be separately addressed in the argument portion in the brief. Pa. R.A.P. 2119(a).

[6] In any case, Parent's claims do not qualify for a continuation of assistance beyond Child's 18th birthday. In some circumstances, adoption assistance can continue to age 21 for a child who

> (2)   is under the age of twenty-one years and who attained thirteen years of age before the adoption assistance agreement became effective and who is:
>
>> (i)   completing secondary education or an equivalent credential;

For these reasons, we affirm the decision of the Department.

_____
MARY HANNAH LEAVITT, President Judge

---

(ii)  *enrolled in an institution which provides postsecondary or vocational education*;

(iii)  participating in a program actively designed to promote or remove barriers to employment;

(iv)  employed for at least eighty hours per month; or

(v)  incapable of doing any of the activities described in subclause (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

Section 772(2) of the Adoption Act, 62 P.S. §772(2) (emphasis added).  Child is under 21 and "enrolled in an institution which provides postsecondary or vocational education," but he had not "attained thirteen years of age" before the adoption assistance agreement became effective.  62 P.S. §772(2)(ii).  The Department does not have the discretion to waive this requirement because of a parent's poor health or any other equitable reason.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J. C.,                              :
               Petitioner            :
                                  :  **CASE SEALED**
           v.                 : No. 1150 C.D. 2017
                                  :
Department of Human Services,       :
              Respondent            :

# **O R D E R**

AND NOW, this 15th day of May, 2018, the order of the Department of Human Services dated July 31, 2017, in the above-captioned matter is hereby AFFIRMED.

                                    _____

                                    MARY HANNAH LEAVITT, President Judge