IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lupe Amy Gonzalez-Anastasio, : 
                Appellant : 
            : 
       v. :   No. 16 C.D. 2019
            :   Submitted: August 7, 2020
Tax Claim Bureau of Lehigh County : 
and Thomas Williams, Jr. : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: January 27, 2021

      Lupe Amy Gonzalez-Anastasio (Appellant), *pro se*, appeals an order of the Court of Common Pleas of Lehigh County (trial court) denying her petition to set aside a tax sale. In her petition, Appellant asserted that the Lehigh County Tax Claim Bureau (Bureau) failed to provide proper notice of the tax sale pursuant to the Real Estate Tax Sale Law (Tax Sale Law).[2] The trial court denied her petition because she was not a record owner of the subject property.

      The property at issue in this case is located at 4850 West Hopewell Road, Upper Saucon Township, Lehigh County. On September 20, 2017, the Bureau conducted a sheriff sale of the property. Thomas Williams, Jr., purchased the property for $12,348.55. At the time of the sale, the record owner of the property was 1031 Exchange, LLC, a New Jersey business.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803.

On October 16, 2017, Appellant, represented by counsel, filed a petition to set aside the tax sale. In her petition, Appellant explained that she was previously married to William Anastasio, an owner of 1031 Exchange, LLC. The couple began divorce proceedings in 2015, which included the execution of a property settlement agreement. Appellant believed that the agreement would transfer title to the subject property to her. Before the divorce was finalized, a protection from abuse order was entered against Mr. Anastasio, barring him from contacting Appellant by any means. Appellant alleged that due to this order, Mr. Anastasio "did not forward any tax bills regarding the property to [her,] nor did he forward any notice of an impending tax sale." Original Record, Petition to Set Aside Tax Sale at 2 ¶5. Appellant alleged that because she was not served with notice of the tax sale, she had no knowledge of the sale. Appellant requested the trial court to set aside the tax sale upon payment of all delinquent taxes within six months.

In its response to Appellant's petition, the Bureau asserted that there was no deed recorded in Lehigh County that effectuated a transfer of the property to her. The notice of tax sale was sent only to 1031 Exchange, LLC, the owner of the property, as required by the Tax Sale Law. The Bureau requested that the trial court confirm the tax sale. Williams, who was granted intervenor status in the matter, also filed a petition to confirm the tax sale. Therein, Williams alleged that the tax sale was valid and that he had expended significant costs in purchasing the property and paying the delinquent real estate taxes. Moreover, Williams noted that Appellant had failed to remit payment of the delinquent taxes as she stated she would do in her petition.

On June 20, 2018, the trial court held a hearing on Appellant's petition. At the hearing, Appellant testified that she did not have an ownership interest in

2

1031 Exchange, LLC.  Once the protection from abuse order was entered, Mr. Anastasio never sent her any correspondence related to the property or the unpaid real estate taxes.  Appellant stated that if the trial court set aside the tax sale, she would promptly pay the delinquent taxes.  If the sale was not set aside, she would have no collateral to purchase a new home.  On cross-examination, Appellant conceded that she had not notified the Bureau of her claim to the property until after the tax sale.

On June 27, 2018, the trial court denied Appellant's petition to set aside the tax sale and granted the Bureau's and Williams' petitions to confirm the tax sale.[3] Appellant filed a notice of appeal to this Court.  In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, PA. R.A.P. 1925(a), the trial court concluded that the Bureau effected proper notice of the tax sale under the Tax Sale Law.  Section 602 of the Law, 72 P.S. §5860.602, requires that notice of the sale be addressed to the owners of properties and to all persons having liens, judgments or municipal or other

---

[3] By way of further background, on November 15, 2017, Williams and Appellant entered into a settlement agreement whereby Appellant agreed to pay Williams $27,000, the amount he paid to acquire the property and satisfy the delinquent real estate taxes.

While the tax sale matter was pending, Williams initiated a second action related to the property.  On January 31, 2018, Williams filed a praecipe to index *lis pendens* for the subject property.  *Thomas Williams, Jr. v. Lupe Amy Gonzalez-Anastasio* (C.C.P. Lehigh County No. 2018-C-0263).  *See Collo v. Philadelphia Housing Authority* (Pa. Cmwlth., No. 2069 C.D. 2011, filed November 9, 2012), slip op. at 9 n.7 ("A *lis pendens* is the jurisdiction, power or control that a court acquires over a property involved in litigation until a final judgment is rendered with respect to that property. . . . A *lis pendens* notifies third parties that any interest that may be acquired in the property pending the litigation is subject to the outcome of that litigation.").

Then, on March 27, 2018, Williams filed a complaint alleging that Appellant had breached the November 15, 2017, agreement, and an action to quiet title.  Appellant failed to respond to the complaint.  On May 16, 2018, Williams filed a praecipe for entry of a default judgment against Appellant, which was granted on the same day.  On June 12, 2018, this case was consolidated with the tax sale matter.  On June 28, 2018, Appellant filed a petition to open the default judgment against her, which the trial court later denied.

claims against such properties.  Section 102 of the Tax Sale Law defines "owner,"

in relevant part, as

> the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof[.]

72 P.S. §5860.102.  At the time of the tax sale, the record owner of the property was

1031 Exchange, LLC.  There was no record evidencing an ownership interest either

in Appellant or her ex-husband.  The trial court concluded that the Bureau effected

proper notice of the tax sale by serving its notice on 1031 Exchange, LLC.

On appeal,[4] Appellant challenges the trial court's confirmation of the

tax sale.  Appellant's brief, however, does not develop this issue.  Rather, Appellant

summarizes her argument as follows:

> The Tax Sale of the property in question was in error on the part of the Tax Claim Bureau of [Lehigh] County.  Due to the fact the property was under 1031 Exchange Company LLC in the name of Michelle Caporin as of 3/3/2017.  See attached Affidavits. The document clearly stated there had no notification from the Tax Office.  If they had done their due diligence I would had been aware of the issues raised by the Tax [Office.]

Appellant Brief at 8.  Further, the entirety of Appellant's argument section reads:

---

[4] "Our review in tax sale cases is 'limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence.'"  *In re Consolidated Reports and Return by the Tax Claims Bureau of Northumberland County of Properties*, 132 A.3d 637, 643 n.12 (Pa. Cmwlth. 2016).

> The Civic Division was wrong. The Tax Office has the responsibility to the right parties. See attached case law from letter sent to Court[.]

*Id*. at 9. Appellant does not provide any legal authority to support her claim.

Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument portion of a brief be developed with pertinent discussion of the issues, including citations to relevant authority. PA. R.A.P. 2119(a). When parties fail to satisfy this requirement, a court cannot develop the argument for them. *Skytop Meadow Community Association, Inc. v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017). A party's failure to develop an issue in the argument section of its brief results in waiver of the issue. *Hill v. Kilgallen*, 108 A.3d 934, 943 n.8 (Pa. Cmwlth. 2015); *see also Watkins v. Unemployment Compensation Board of Review*, 689 A.2d 1019, 1022 (Pa. Cmwlth. 1997) (claimant waives issue raised in statement of questions presented where argument portion of brief does not develop the issue).

That Appellant is not represented by counsel does not change the outcome. On numerous occasions, this Court has held that a party who proceeds *pro se* assumes the risk that a lack of legal expertise will prove her undoing. *Appeal of Ciaffoni,* 556 A.2d 504, 506 (Pa. Cmwlth. 1989). Because Appellant did not develop her argument, it is waived.[5]

---

[5] In any event, the supporting evidence that Appellant cites, *i.e.*, the affidavits and exhibits attached to her brief, were not part of the record before the trial court. Pennsylvania Rule of Appellate Procedure 1921 provides:

> The original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

> *Note:* An appellate court may consider only the facts which have been duly certified in the record on appeal…. Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials.

Notwithstanding that Appellant has waived her issue on appeal, the dissent posits that there are outstanding issues of fact as to whether Appellant's ex-husband, William Anastasio, was individually entitled to notice of the tax sale and whether he received such notice. Assuming he was entitled to notice, the dissent then surmises that the Bureau could have examined his public records and discovered the records of his divorce from Appellant, including the marital settlement agreement that Appellant contends gave her an equitable interest in the subject property. Putting aside the issue of whether Appellant has standing to assert her ex-husband's interest, the trial court already examined the settlement agreement and concluded that it did not establish that title to the property was ever in Mr. Anastasio's name. The trial court also observed that the agreement identified other properties on W. Hopewell Road, but the address of the subject property was not listed. The record owner of the property was, and always has been, 1031 Exchange Company, LLC, which received notice of the sale. There is no need to remand for the trial court to revisit issues it already decided.

For all of the above reasons, we affirm the decision of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

PA. R.A.P. 1921 (citations omitted). As Appellant's evidence is not part of the original record, we would not be able to consider it. *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974) ("The fundamental tool for appellate review is the official record of what occurred at trial.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lupe Amy Gonzalez-Anastasio,           :
                    Appellant           :
                                        :
         v.                             :    No. 16 C.D. 2019
                                        :
Tax Claim Bureau of Lehigh County       :
and Thomas Williams, Jr.                :

# **O R D E R**

AND NOW, this 27th day of January, 2021, the order of the Court of Common Pleas of Lehigh County dated June 27, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lupe Amy Gonzalez-Anastasio,      :
                     Appellant    :
                                 :    No. 16 C.D. 2019
           v.                :
                                 :    Submitted: August 7, 2020
Tax Claim Bureau of Lehigh        :
County and Thomas Williams, Jr.    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

**_OPINION NOT REPORTED_**

DISSENTING OPINION
BY JUDGE McCULLOUGH                 FILED: January 27, 2021

      I respectfully dissent from the decision of the majority, which affirms the order of the Court of Common Pleas of Lehigh County (trial court) denying the petition to set aside a tax sale filed by Lupe Amy Gonzalez-Anastasio (Appellant) with respect to property located at 4850 Hopewell Road, Upper Saucon Township, Lehigh County (Property).

      On September 20, 2017, the Lehigh County Tax Claim Bureau (Bureau) conducted a sheriff's sale of the Property. At the time of the sale, the record title owner of the Property was 1031 Exchange, LLC, a New Jersey business, and Appellant's former husband William Anastasio (Anastasio) was allegedly an owner of 1031 Exchange, LLC. In 2015, Appellant and Anastasio began divorce proceedings and executed a property settlement on January 11, 2015, wherein Anastasio agreed to convey to Appellant "W. Hopewell Rd" a "4[-] acre lot,"

(Reproduced Record (R.R.) at 121a), which is the same description of the Property in the tax claim bureau deed. (R.R. at 114a.) On January 28, 2015, a court entered a final judgment in divorce approving the property settlement agreement. (R.R. at 119a.) While Appellant, who is proceeding *pro se*, arguably does not develop the issue that she raises on appeal in a detailed fashion, she contends that, had the Bureau acted with due diligence, she would have received notice of the tax sale. (Appellant's Br. at 9.)

In *McElvenny v. Bucks County Tax Claim Bureau*, 804 A.2d 719 (Pa. Cmwlth. 2002), this Court concluded that, regardless of whether the appellant was the actual "owner" of the property, due process requires the tax bureau to make reasonable efforts to locate and notify any person whose property interests are likely to be affected by a tax sale and, if it does not, the tax sale must be set aside. In *In re Tax Claim Bureau of Beaver County Tax Sale*, 600 A.2d 650 (Pa. Cmwlth. 1991), we stated that a tax bureau, in the appropriate circumstances, should investigate domestic relations records when issuing notice of a tax sale. Finally, in *CR 2018 LLC v. Columbia County Tax Claim Bureau*, 229 A.3d 398 (Pa. Cmwlth. 2020), this Court concluded that an equitable owner of property at the time of the tax sale has standing to contest the validity of the tax sale.

Here, there appears to be outstanding issues of fact as to whether Anastasio was individually entitled to notice as an owner of the Property and whether he received such notice. If the Bureau was obligated to provide Anastasio with notice of the tax sale and did not provide him with such notice, or the Bureau failed to make a reasonable investigation as to his whereabouts, then the tax sale is void. Moreover, assuming that Anastasio was entitled to notice, and the Bureau conducted an examination of his public records to ascertain either his personal or

business address, it is quite possible that the Bureau would have discovered, through the domestic relations records, that the divorce had been finalized and that Appellant had an equitable ownership interest in the Property via the marital settlement agreement.

Therefore, I would vacate and remand to the trial court to issue factual findings with respect to these issues. Accordingly, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge