IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adeayo Turton,                                   :
                          Appellant              :
                                                 :   No.  1390 C.D. 2018
              v.                                 :
                                                 :   Submitted:  April 18, 2019
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing                       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  July 10, 2019


          Adeayo Turton (Licensee) appeals, *pro se*, from the August 29, 2018 order
of the Court of Common Pleas of Philadelphia County (trial court) denying his appeal
from a one-year suspension of his operating privilege imposed by the Commonwealth
of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT),
under section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. §1547(b)(1)(i), commonly
referred to as the Implied Consent Law.[1]

---

[1] Section 1547(b)(1)(i) reads, in pertinent part, as follows:

> (1) If any person placed under arrest for a violation of section 3802
> [relating to driving under the influence of alcohol or a controlled
> substance] is requested to submit to chemical testing and refuses to do
> so, the testing shall not be conducted but upon notice by the police

**Facts and Procedural History**

On December 31, 2017, while patrolling an area of Interstate 76 in Philadelphia, Pennsylvania, State Trooper Michael Laurendeau observed a red Mazda sport utility vehicle (SUV), which he later learned was driven by Licensee, travelling erratically. More specifically, Trooper Laurendeau observed the SUV leave the lane of travel several times without properly signaling a lane change and following too closely behind other vehicles. Upon reaching a safe area, Trooper Laurendeau initiated a traffic stop. Upon approaching the vehicle and requesting Licensee's license, Trooper Laurendeau immediately detected an overwhelming smell of alcohol coming from the vehicle. Trooper Laurendeau also observed that Licensee's eyes were glassy and bloodshot and that Licensee was slurring his speech. Trooper Laurendeau requested that Licensee exit the vehicle and he proceeded to perform three different field sobriety tests. Licensee failed all three tests, at which point he was placed under arrest for suspicion of driving under the influence (DUI). (Trial court op. at 2-3.)

Trooper Laurendeau thereafter transported Licensee to the police detention unit (PDU) for processing. Following protocol, Trooper Laurendeau asked Licensee if he would consent to a blood draw, which Licensee refused. Trooper Laurendeau then read verbatim the DL-26 form warnings to Licensee advising of the consequences of refusing the chemical testing of his blood. Trooper Laurendeau offered Licensee another chance to consent to the blood draw but Licensee again refused. Trooper Laurendeau signed the DL-26 form stating that he read the warnings

---

officer, the department shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa.C.S. §1547(b)(1)(i).

2

to Licensee and offered him an opportunity to submit to the chemical testing, and Licensee also signed the form acknowledging that he had been advised of the warnings contained therein. (Trial court op. at 3.)

Trooper Laurendeau subsequently advised DOT of Licensee's refusal to submit to chemical testing. By letter dated January 29, 2018, DOT notified Licensee that his operating privilege was being suspended for one year as a result of this refusal. Licensee filed a statutory appeal with the trial court. (Reproduced Record (R.R.) at 52a-54a.) The trial court conducted a hearing on August 29, 2018. (R.R. at 29a-50a.) At this hearing, DOT submitted into evidence, without objection, a certified packet of documents, which included the January 29, 2018 notice of suspension, the DL-26 form read to Licensee and signed by Trooper Laurendeau, and Licensee's driving history. (R.R. at 32a-34a, 51a-60a.)

DOT thereafter presented the testimony of Trooper Laurendeau, who related the above-described events. Trooper Laurendeau testified that he administered three field sobriety tests, including the horizontal gaze nystagmus, the walk and turn, and the one-leg stand, and that Licensee showed signs of impairment and/or failed to complete these tests. Believing that Licensee was unable to safely operate a vehicle, Trooper Laurendeau placed Licensee under arrest for suspicion of DUI. Trooper Laurendeau stated that he placed Licensee in the back of his patrol car, explained that Licensee was going to be transported to the PDU, and asked if Licensee would consent to a blood draw. Trooper Laurendeau indicated that Licensee responded that he would not consent to the same. After reading Licensee the DL-26 form warning, Trooper Laurendeau provided Licensee with another opportunity to submit to a blood draw, but Licensee again refused, responding that he would not consent, and Licensee thereafter signed the DL-26 form. Trooper Laurendeau identified a copy of the DL-26 form and

3

the form was submitted into evidence without objection. Trooper Laurendeau specifically denied that Licensee ever referenced a medical condition or any religious issues related to his refusals of the requests for a blood draw. (R.R. at 31a-33a.)

On cross-examination by Licensee, Trooper Laurendeau identified two reports he prepared regarding the traffic stop, an incident report and a Philadelphia Police Department arrest report. Trooper Laurendeau acknowledged that the latter report indicated at the top that Licensee's vehicle was uninsured but later in the report stated the opposite. After continued questioning regarding the insurance of the vehicle and police protocol for towing a vehicle, counsel for DOT objected to Licensee's line of questioning on the basis of relevance, noting that the underlying criminal proceedings had no relevance to a civil suspension hearing. The trial court sustained the objection, indicating that the only issue before the court related to the request for the blood draw. (R.R. at 35a-38a.)

Trooper Laurendeau also conceded that although Licensee was driving dangerously, he followed Licensee for approximately four miles before initiating the traffic stop. However, Trooper Laurendeau explained that several factors come into play when deciding to initiate a stop, including safety, the number of other vehicles on the road, and the position of the vehicle. Trooper Laurendeau denied any recollection of asking Licensee to perform a preliminary breath test. Trooper Laurendeau also denied any recollection of Licensee raising religious issues as the basis for his refusal to submit to a blood draw. Trooper Laurendeau further denied ever witnessing the nurse at the PDU providing blood pressure medication to Licensee or him taking the same. Trooper Laurendeau denied that he advised the nurse at the PDU that a blood draw could not be done because of Licensee's faith. On re-cross examination, Licensee attempted to question Trooper Laurendeau regarding his discretion to choose which

4

type of chemical testing, breath or blood, he may ask for, but counsel for DOT objected on the basis that case law holds that an officer has the discretion to choose, and the trial court sustained the objection. Licensee acknowledged law enforcement's discretion but indicated that it must be balanced against a constitutional right to freedom of religion. (R.R. at 39a-42a.)

Licensee then testified on his own behalf, denying that he was drinking on the night of the incident or driving erratically. He noted that it was only nine degrees outside when he was asked to submit to the field sobriety tests and he was lightly dressed, but that he completed each test. Licensee asserted that he advised Trooper Laurendeau that a blood draw was against his faith while handcuffed in the back of the patrol car. Licensee submitted a copy of the tenets of his faith which prohibit the drawing of blood. Licensee also submitted medical records reflecting his refusal to have blood drawn for religious reasons. Licensee further alleged that he was asked to sign the DL-26 form while he was dizzy and disoriented at the nurse's station in the PDU and that he signed the form without ever being read the warnings. (R.R. at 42a-47a.)

By order dated August 29, 2018, the trial court denied Licensee's appeal and directed that the one-year suspension of his operating privilege be reinstated. (R.R. at 20a.) Licensee thereafter filed a notice of appeal with the trial court. (R.R. at 21a.) By order dated October 4, 2018, the trial court directed Licensee to file a concise statement of errors complained of on appeal. (R.R. at 2a.) On October 18, 2018, Licensee filed his concise statement, alleging that the trial court erred as a matter of law in denying his appeal. More specifically, Licensee alleged that the trial court erred and/or abused its discretion by failing to recognize that his refusal to submit to a blood draw was based on his constitutionally protected religious beliefs, by failing to

5

conclude that Trooper Laurendeau never properly provided him with the *O'Connell* warnings,[2] and by failing to issue a decision setting forth the reasons underlying its decision. (R.R. at 22a-28a.)

The trial court thereafter issued an opinion in support of its order. With respect to Licensee's argument concerning his constitutionally protected religious beliefs, the trial court noted that Licensee never raised his religious objection at or around the time of his arrest. More specifically, the trial court stated that it found that Licensee never told Trooper Laurendeau that he objected to the blood draw because of his religious beliefs, but instead merely refused to have his blood drawn. The trial court noted that it found the testimony of Trooper Laurendeau more credible than the testimony of Licensee.[3] The trial court also noted that section 1547(a) of the Vehicle Code, 75 Pa.C.S. §1547(a), deems any person operating a vehicle in this Commonwealth to have given consent to a chemical test of his breath or blood and while section 1547(i), 75 Pa.C.S. §1547(i), permits a person under arrest to request such a test, it is generally the arresting officer who has the discretion to decide which

---

[2] Licensee's reference relates to our Supreme Court's decision in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989), holding that a police officer has a duty to warn a licensee that the refusal to submit to chemical testing will result in the suspension of one's operating privilege and that there is no right to speak to an attorney prior to taking the test.

[3] Also, when comparing Licensee's situation to a federal case relied upon by Licensee, namely *Callahan v. Woods*, 658 F.2d 679 (9th Cir. 1981), which upheld a father's challenge to a regulation requiring him to obtain a social security number for his daughter before she could obtain public assistance benefits as violative of the father and daughter's constitutionally protected religious beliefs, the trial court noted that the only similarity between the two was that Licensee's history with DOT showed a lack of cooperation with DOT and its rules.

test will be administered and there is no right to alternative testing.[4] With regard to Licensee's argument that Trooper Laurendeau failed to provide the *O'Connell* warnings, the trial court indicated that the credible testimony of Trooper Laurendeau established that Licensee received the appropriate warnings. Finally, the trial court stated that its August 29, 2018 order was sufficient and a full opinion addressing Licensee's appeal was unnecessary.

## Discussion

On appeal,[5] Licensee raises several arguments. First, Licensee argues that the trial court erred as a matter of law by applying a preponderance of the evidence standard of review. In the argument section of his brief, Licensee restates this argument as the trial court's factual findings were not supported by competent evidence. We disagree with both of these arguments.

In order to support a suspension of Licensee's operating privilege under section 1547(b)(1) of the Vehicle Code, DOT had the burden of proving the following:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that [l]icensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of his operating privileges and would result in

---

[4] *See Nardone v. Commonwealth*, 130 A.3d 738, 751 (Pa. 2015) (holding that a motorist had no right to request an alternative test to the arresting officer's preferred test).

[5] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 (Pa. Cmwlth. 2010).

7

enhanced penalties if he was later convicted of violating Section 3802(a)(1).

*Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). The credible testimony of Trooper Laurendeau, coupled with the certified record admitted before the trial court, which included the DL-26 form signed by Trooper Laurendeau and Licensee, satisfied DOT's burden herein. Moreover, we have previously held that "[d]river's license suspension proceedings are civil, not criminal in nature, and DOT must prove the elements of its case by a preponderance of the evidence, and not beyond a reasonable doubt." *Sebek v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 526, 528 (Pa. Cmwlth. 1998). Thus, we find no merit to Licensee's arguments with respect to the standard of review.

Next, Licensee argues that the trial court erred by denying him the right to cross-examine Trooper Laurendeau on certain allegedly relevant facts leading to his arrest. DOT contends that Licensee waived this argument by failing to raise it below. We agree with DOT. Licensee's concise statement of errors complained of on appeal failed to raise this argument. The law is well-settled that issues not raised in the concise statement are waived and need not be addressed by this Court. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Concise] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Kolva v. Department of Transportation, Bureau of Driver Licensing*, 977 A.2d 1248, 1252 (Pa. Cmwlth. 2009) ("It is clear from reading DOT's Rule 1925(b) statement of errors that it failed to raise any challenge regarding its supposed consent to Kolva's withdrawal from [Accelerated Rehabilitative Disposition] or regarding federal anti-masking provisions. Accordingly, these issues are deemed waived and need not be addressed by this Court.").

8

Even if not waived, we note that Licensee's argument would fail. The only time that the trial court limited Licensee's cross-examination of Trooper Laurendeau was when it sustained the objections of DOT's counsel to Licensee's lines of questioning relating to whether his vehicle was insured and the authority to search his vehicle, issues that were irrelevant to the current matter of whether Licensee refused to submit to chemical testing, and whether an officer has discretion to choose which type of chemical test will be administered, an issue that has been firmly decided by the case law.

Next, Licensee essentially argues that the trial court's finding that he never asserted his religious beliefs as his reason for refusing to consent to a blood draw was not supported by the record. We disagree.

As noted above, the testimony of Trooper Laurendeau, which the trial court specifically accepted as more credible than the testimony of Licensee, supports this finding. Trooper Laurendeau specifically denied during his direct-examination testimony that Licensee ever asserted a religious objection to either of his requests for a blood draw. The law is well-settled that questions of credibility and the weight to be assigned to the evidence are within the exclusive province of the trial court. *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008) ("Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the trial court as fact-finder.").

Moreover, Licensee's argument in this regard appears to be an attempt to persuade this Court to reweigh his testimony and documentary evidence, something this Court cannot do. *See Sitoski v. Department of Transportation, Bureau of Driver Licensing*, 11 A.3d 12, 17 (Pa. Cmwlth. 2010) ("Licensee essentially asks this Court to

9

reweigh the evidence, find his evidence credible, and conclude that the Department failed to establish its burden of proof. However, this Court is not vested with the authority to do so.").

Next, Licensee argues that the trial court abused its discretion and acted in a biased and prejudicial manner when it found that he had a propensity to be uncooperative with DOT. Once more, we disagree.

While the trial court noted that Licensee had a history of "a lack of cooperation with [DOT] and its rules," (Trial court op. at 5), the trial court did not rely on the same in reaching its ultimate decision in this case. The trial court merely referenced Licensee's driving history as the only possible comparison between his situation and a federal case, *Callahan*, upon which Licensee relied for support of his argument relating to his constitutionally protected religious beliefs. Instead, the trial court's decision was premised upon the credible testimony of Trooper Laurendeau that Licensee never raised a religious objection to the requested blood draw.

Finally, Licensee argues that the trial court erred as a matter of law by failing to consider his constitutional and legal rights as an affirmative defense. However, in light of the trial court's finding that Licensee never raised a religious objection to the requested blood draw, we find no merit to this argument. Because Licensee never invoked his constitutionally protected right to religious freedom before Trooper Laurendeau, it was unnecessary for the trial court to further address this issue in its opinion.

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adeayo Turton,                            :
            Appellant                 :
                          :  No.  1390 C.D. 2018
          v.                        :
                          :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing               :

## ***ORDER***

AND NOW, this 10th day of July, 2019, the order of the Court of Common Pleas of Philadelphia County, dated August 29, 2018, is hereby affirmed.

_____

PATRICIA A. McCULLOUGH, Judge